

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed September 15, 2021

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SOREN GREY GIBSON and | § | CASE NO. 21-20072-rlj13 |
| BRENDA FAITH GIBSON, | § | |
| Debtors. | § | |

## MEMORANDUM OPINION AND ORDER

The Bankruptcy Code requires that, if the chapter 13 trustee or an unsecured creditor objects to a chapter 13 debtor's plan, the court may not confirm the plan unless it "provides that all of the debtor's projected disposable income . . . [is used for] payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1)(B). In the four divisions over which I preside, it is known that the Trustee will in all cases object to the debtor's plan if it does not provide for the use of all of the debtor's anticipated disposable income. The problem raised here is a narrow one. The Trustee objects to the Gibsons' plan because they are contributing about $1,000 a month to "various ERISA qualified retirement plans" and thus not to the plan. *Stipulation of Facts*, ECF No. 39 ¶ 9.[1] The Trustee says this is too much; as a result, the Gibsons' plan fails to

---

[1] The Trustee says that he does not object to 6% (of gross income); the $1,000 a month is about 12%.

contribute all disposable income to their plan. The Trustee also contends that the Gibsons' plan is not proposed in good faith.

The Court has jurisdiction of this contested matter under 28 U.S.C. § 1334(b); this dispute is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (b)(2)(L).

The question of whether a chapter 13 debtor's voluntary, post-petition retirement contributions are disposable income is a complicated one; it requires an interpretation of multiple provisions of the Bankruptcy Code, including an awkward "hanging paragraph" at § 541(b)(7) of the Code. As a result, the courts have reached different results. The Sixth Circuit has, in two cases—*Davis v. Helbling (In re Davis)*, 960 F.3d 346 (6th Cir. 2020) and *Seafort v. Burden (In re Seafort)*, 669 F.3d 662 (6th Cir. 2012)—addressed the differing views. Some courts hold that chapter 13 debtors can make such contributions, *In re Garza*, 575 B.R. 736, 747 (Bankr. S.D. Tex. 2017) (following the reasoning of *In re Johnson*, 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006), which, according to *In re Davis*, is the majority view); some courts hold that a chapter 13 debtor cannot make such contributions, *In re Prigge*, 441 B.R. 667, 677 (Bankr. D. Mont. 2010) (construing the statutory language to protect only the amounts withheld by employers and in the employer's hands at the time of filing the case); and other courts require that a chapter 13 debtor have made such contributions *before* the bankruptcy filing as a condition to their allowance after the filing, *In re Davis*, 960 F.3d at 355 ("the hanging paragraph is best read to exclude from disposable income the monthly 401(k)-contribution amount that [the debtor's] employer withheld from her wages prior to her bankruptcy").

Because of a stipulated fact here, the significance of the issue is lessened, if not eliminated: the Gibsons *are* dedicating to their plan Brenda Gibson's Social Security Disability of $1,126.80 per month, which amount is *not* disposable income. *See* 11 U.S.C.

2

§§ 101(10A)(B)(ii)(I) and 1325(b)(2).  By using Brenda Gibson's disability payments for plan payments while continuing to make retirement contributions, the *amount* of the payments is, at worst, a wash.

As for the Gibsons' good faith, I note that their Form 122C-2, the form that all above-median-income debtors complete to determine their disposable income, "shows a monthly disposable income calculation of (-$401) resulting in a $0.00 Unsecured Creditors Pool." *Stipulation of Facts*, ECF No. 39 ¶ 10.  The Gibsons' plan, however, proposes to pay unsecured creditors about 17% of their allowed claims.  The total claims are "approximately $235,000"; and of this amount, over $129,000 is owed on non-dischargeable student loans.  *Id*. ¶ 4.  The Gibsons' plan is proposed in good faith.  The Trustee does not otherwise oppose confirmation.  I find that the plan complies with § 1325 of the Bankruptcy Code and approve confirmation of the Gibsons' plan.  The Trustee is instructed to submit an order.

SO ORDERED.

### End of Memorandum Opinion and Order ###